Marciana JAVIER–HUAMAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70316.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Papu Sandhu, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Marciana Javier–Huaman, a native and citizen of Peru, petitions for review of an

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's factual determination that Javier–Huaman failed to meet her burden of demonstrating by clear and convincing evidence that she filed an application for asylum within one year of her last entry into the United States. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007) (per curiam).

We lack jurisdiction to consider Javier–Huaman's contention that the IJ demonstrated bias because she failed to exhaust that contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

Javier–Huaman's contention that the BIA violated her right to due process is not colorable. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

In her opening brief, Javier–Huaman fails to address, and therefore has waived any challenge to, the BIA's determination that she failed to establish eligibility for withholding of removal or protection under CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding

issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**